873 A.2d 1268

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT AND CROSS–RESPONDENT, v. TERRENCE O'BRIEN, DEFENDANT–RESPONDENT AND CROSS–APPELLANT.

Argued March 15, 2005—Decided May 24, 2005.

*Mary R. Juliano,* Assistant Prosecutor, argued the cause for Appellant and Cross–Respondent (*John Kaye,* Monmouth County Prosecutor, attorney).

*Ruth Bove Carlucci,* Assistant Deputy Public Defender, argued the cause for Respondent and Cross–Appellant (*Yvonne Smith Segars,* Public Defender, attorney).

*Deborah C. Bartolomey,* Deputy Attorney General, argued the cause for amicus curiae Attorney General of New Jersey (*Peter C. Harvey,* Attorney General of New Jersey, attorney pro se).

PER CURIAM.

Defendant was charged with the knowing or purposeful murder of his sister, Noreen O'Brien. Convicted, he appealed to the Appellate Division, which reversed and remanded for a new trial. Tried a second time to a jury, defendant was convicted of knowing or purposeful murder, *N.J.S.A.* 2C:11–3, and possession of a weapon for an unlawful purpose, *N.J.S.A.* 2C:39–4(d). The trial court merged the convictions and sentenced defendant to a term of life imprisonment with a thirty-year parole ineligibility term.

On appeal to the Appellate Division, defendant raised eight issues. That court unanimously affirmed in respect of seven issues but with Judge Carchman dissenting, reversed on the issue of whether the trial court erred in failing to sustain defense counsel's objections to the cross-examination of defendant's expert witness.

The State appealed as of right to the Court based on Judge Carchman's dissent. *R.* 2:2–1(a)(2). Defendant petitioned for certification of the remaining seven issues. On November 10,

2004, the Court granted defendant's petition for certification, 182 *N.J.* 149, 862 *A.*2d 57 (2004), limited solely to the issue of whether the trial court erred in refusing to ask prospective jurors during *voir dire* whether they could accept that if defendant were acquitted by reason of insanity, procedures were in place to provide adequately for defendant while protecting the safety of the public.

On the *voir dire* issue, the judgment of the Appellate Division is affirmed, substantially for the reasons expressed in the unanimous portion of that court's opinion. 377 *N.J.Super.* 389, 873 *A.*2d 554 (App.Div. 2004). The judgment of the Appellate Division in respect of the cross-examination of defendant's expert witness is reversed, substantially for the reasons expressed in Judge Carchman's dissenting opinion. 377 *N.J.Super.* at 415, 873 *A.*2d 554.

The judgment of the Appellate Division is affirmed in part and reversed in part. Defendant's conviction and sentence are reinstated.

Justices LONG and WALLACE, concurring in part and dissenting in part.

We would affirm the judgment of the Appellate Division on all issues, substantially for the reasons expressed in both the unanimous and majority portions of that court's *per curiam* opinion.

*For affirmance in part; reversal in part*—Chief Justice PORITZ and Justices LaVECCHIA, ZAZZALI, ALBIN, and RIVERA–SOTO—5.

*Concurring in part; dissenting in part*—Justices LONG and WALLACE—2.